# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**MELISSA ILLINGWORTH,**

     **Plaintiff,**

                                  **CASE NO.:**

**vs.**

**NAV ADVISORS, INC., and MARC
KORSCH, Individually,**

     **Defendants.**              **/**

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, MELISSA ILLINGWORTH, ("ILLINGWORTH" or "Plaintiff") was an employee of Defendants, NAV ADVISORS, INC. ("NAV") and MARC KORSCH, Individually ("KORSCH") (collectively referred to as "Defendants") and brings this action for unpaid overtime compensation, unpaid minimum wages, liquidated damages and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## INTRODUCTION

1.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. §§ 206(a) and 207(a).

2.     The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3.     Section 6(a) of the FLSA requires payment of at least the statutory minimum wage for all hours worked per workweek. 29 U.S.C. § 206(a).

4.      Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

5.      The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

6.      To the extent any partial payments have been made by Defendants to Plaintiff of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiff and against Defendants as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *Id.*

## JURISDICTION AND VENUE

7.      Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, minimum wages, an additional equal amount as liquidated damages and reasonable attorney's fees and costs.

8.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

9.      At all times material hereto, Plaintiff, ILLINGWORTH was a resident of Charlotte County, Florida.

10.     Defendant, NAV, conducts business in, among others, Sarasota County, Florida, therefore venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## **PARTIES**

11.     Defendant, NAV, a Florida Profit Corporation, is a company categorized as a financial advisory service with locations at 2055 Wood Street, #110, Sarasota, Florida 34237 and 1777 Tamiami Trail, #501, Port Charlotte, Florida 33948.

12.     At all times relevant to this action, KORSCH was an individual resident of the State of Florida, who owned and/or operated NAV, and who regularly exercised the authority to: (a) hire and fire employees of NAV; (b) determine the work and pay schedules for the employees of NAV; (c) control the finances and operations of NAV; and (d) was responsible for the overall business operations of NAV.

13.     Plaintiff was employed by Defendants as an hourly paid, non-exempt, Customer Service Specialists and Senior Processing Specialists from on or around July 2013 through July 2021.

## **COVERAGE**

14.     At all material times during the last three years, Defendant, NAV was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §§ 203 (r) and 203 (s).

15.     Defendant NAV provides financial advisory services to its customers.

16.     At all material times, Defendant NAV has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

17.     At all times material, Defendant NAV has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

     a.   Engaged in commerce; or

     b.   Engaged in the production of goods for commerce; or

     c.   Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. computers, facsimiles, telephones and/or office supplies).

18.     Therefore, Defendant NAV operates as an enterprise covered by the FLSA, and as defined by 29 U.S.C. §§ 203(r) and 203(s).

### GENERAL ALLEGATIONS

19.     Defendant, NAV, is a company classified as a financial advisor.

20.     Defendant, NAV, was an "employer" of Plaintiff within the meaning of the FLSA.

21.     Defendant, KORSCH, was an "employer" of Plaintiff within the meaning of the FLSA.

22.     At all material times during the last three years, Defendants were employers as defined by 29 U.S.C. § 203(d).

23.     Plaintiff earned an hourly rate in exchange for work performed as a Customer Service Specialists and/or Senior Processing Specialists from on or around July 2013 through July 2021.

24.     Plaintiff performed customer service and processing duties for Defendants at their facility located at 2055 Wood Street, #110, Sarasota, Florida 34237.

25.     Plaintiff performed customer service and processing duties for Defendants at their facility located at 1777 Tamiami Trail, #501, Port Charlotte, FL 33948.

26.     Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

27.     During the relevant time period (last three years) Plaintiff regularly worked in excess of forty (40) hours per week.

28.     Despite working more than forty (40) hours per week during one or more work weeks during the relevant time period (last three years), Defendants failed to pay Plaintiff overtime compensation at a rate of time and one-half times her regular rate of pay for hours worked over forty (40) in a workweek, contrary to §207(a) of the FLSA.

29.     Defendants manipulated Plaintiff's paychecks to look as though she was receiving time and one-half of her regular rate of pay for the hours worked over forty (40), when in fact she was not being paid proper overtime for her overtime hours worked. For example, during the bi-weekly pay period of March 21, 2020 to April 3, 2020, Plaintiff worked a total of 157.56 hours resulting in 74.12 overtime hours (31.5 in week one and 42.62 in week two), but paid for a total of 49.38 overtime hours on her paycheck. *See* corresponding pay and time records for this period attached as Composite Exhibit "A".

30.     Defendants also failed to provide Plaintiff with her last paycheck. As a result, Plaintiff was not compensated proper minimum wages and/or overtime compensation.

31.     Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime and minimum wage compensation to Plaintiff.

32.     Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

33.     Defendants acted willfully in failing to pay Plaintiff in accordance with the law.

34.     Defendants failed to maintain proper time records as mandated by law.

35.     Defendants failed to post informational posters as required by law advising its employees of their rights under the FLSA.

36.     Plaintiff attempted to resolve her claims under the FLSA prior to filing the instant complaint, but Defendants have failed to respond to this attempt.

## <u>COUNT I - RECOVERY OF OVERTIME COMPENSATION</u>

37.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-36 above.

38.     Plaintiff was entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of forty (40) per workweek.

39.     During the relevant time period (last three years) of her employment with Defendants, Plaintiff worked overtime hours without receiving time and one-half compensation for same during one or more workweeks contrary to the FLSA.

40.     Plaintiff should have earned time and one-half compensation for each hour worked in excess of forty (40) hours per workweek.

41.     Defendants had knowledge of the overtime hours worked by Plaintiff.

42.     Defendants are aware of the laws which require their employees to be paid overtime compensation on a week by week basis.

43.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. 255(a).

44.     As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff her proper overtime wages during one or more workweeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

45.     As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

46.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants;

a.   Awarding Plaintiff overtime compensation in the amount due to her for the time worked in excess of forty (40) hours per workweek as allowable under the FLSA statute of limitations period;

b.   Awarding Plaintiff liquidated damages in an amount equal to the overtime award, or alternatively, awarding pre-judgment interest;

c.   Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

d.   Ordering any other further relief the Court deems just and proper.

## COUNT II - RECOVERY OF MINIMUM WAGES

47.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-36 above.

48.     Plaintiff was entitled to earn the statutory minimum wage rate for all hours worked per week while employed for Defendants.

49.     Plaintiff is entitled to receive the applicable statutory Florida minimum wage rate for all hours worked during her employment with Defendants pursuant to 29 C.F.R. 778.5.

50.     Defendants failed to compensate Plaintiff at the applicable statutory minimum wage rate for all hours worked per week during one or more workweeks.

51.     Defendants were aware of the laws which required that their employees be paid at least the statutory minimum wage for all hours worked per workweek.

52.     Despite their knowledge of these laws, Defendants violated the FLSA's provision on minimum wages (29 U.S.C. §206).

53.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. 255(a).

54.     As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff her proper minimum wages during one or more workweeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

55.     As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

56.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants;

a.   Awarding Plaintiff her unpaid minimum wages;

b.   Awarding liquidated damages in an amount equal to the minimum wage award, or alternatively, awarding pre-judgment interest;

c.   Awarding reasonable attorney's fees and costs and expenses of the litigation

pursuant to 29 U.S.C. §216(b); and

    d. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: 9/28/2021 .

Respectfully submitted by,

Kimberly De Arcangelis, Esq.
Bar No.: 0025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
Orlando, Florida 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email: KimD@forthepeople.com
*Trial Attorneys for Plaintiff*