UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELISSA ILLINGWORTH,

    Plaintiff,                    CASE NO.: 8:21-CV-02294-KKM-JSS

vs.

NAV ADVISORS, INC., and
MARC KORSCH, Individually,

    Defendants.            /

## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AGREEMENT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, MELISSA ILLINGWORTH, (the "Plaintiff"), and Defendant, NAV ADVISORS, INC. ("NAV") and MARC KORSCH ("KORSCH"), Individually, (collectively referred to as "Defendants") (all parties collectively referred to as the "Parties"), jointly request that this Court approve the Parties' settlement of the above-captioned matter. Plaintiff's action and claims arise under the Fair Labor Standards Act ("FLSA") and the Parties seek this Court's approval of the settlement reached. The Parties' executed FLSA Settlement Agreement (the "Settlement Agreement") is attached as Exhibit "A."

### I.    Legal Principles

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which compromised claims under the FLSA can be settled and released by

employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. §216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement, and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also Schulte, Inc. v. Gangi,* 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute;

2

>we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354 (footnote omitted).

If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d at 1226. "If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable [and] [r]arely will the Court be in a position to competently declare that such a settlement is 'unreasonable.'" *Bonetti*, 715 F. Supp. 2d at 1227. Where the plaintiff's attorneys' fee is agreed upon separately without regard to the amount paid to the plaintiff, "then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Id*. at 1228.

II. **Facts and Settlement Terms**

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiff's FLSA claims against the Defendants. The proposed settlement arises out of an action brought by the Plaintiff against her former employer and alleged individual employer, which was adversarial in nature.

The Parties agree the instant action involves disputed issues. Specifically, Plaintiff first alleges that Korsch is an individual employer under the FLSA, which Defendants vehemently deny. Next, Plaintiff has alleged that Defendants did not pay her a final paycheck resulting in unpaid minimum wages and that Defendants did not pay her for all overtime hours worked during several workweeks. Defendants dispute that the Plaintiff worked <u>any</u> hours for which she was not paid and is adamant that the Plaintiff was paid properly for all hours worked. Accordingly, there are disputed issues as to whether Plaintiff worked any of the unpaid hours alleged, and if so, whether Defendants knew or should have known that the Plaintiff worked such hours. Defendants also assert that even if Plaintiff could prove a violation of the FLSA (which they deny), that she would not be entitled to the amount of unpaid wages alleged or to recover liquidated damages. Defendants are also confident that only a two (2) year statute of limitations would

be applicable. Finally, Plaintiff alleges that Defendants retaliated against her for seeking her unpaid overtime and filing the instant lawsuit. Defendants deny that they retaliated against Plaintiff, and that even if Plaintiff could establish same, Plaintiff has not suffered any damages as a result of the alleged retaliation since she terminated her employment with Defendants to pursue another job in which she continues to receive earnings. The Parties are mindful of the costs and risks associated with continued litigation and believe that the settlement reached is a fair and reasonable compromise of the numerous bona fide disputes.

Plaintiff filed her initial Complaint on September 28, 2021 [D.E. 1], followed by an Amended Complaint and exhibits to include her claim for retaliation on November 30, 2021 [D.E. 7]. The Court entered a Fast Track Case Management and Scheduling Order on January 13, 2022 [D.E. 12]. The Parties engaged in formal discovery and exchanged several documents, information and legal positions. After her review of the records and information, which Defendants deny the accuracy of, Plaintiff and her counsel calculated that Plaintiff would be entitled to approximately up to $18,000.00 under a 2 year statute of limitations or up to $19,000.00 under a 3 year statute of limitations, plus liquidated damages, fees and costs, if successful at trial. Defendants deny owing Plaintiff any compensation

5

whatsoever and therefore deny that they willfully violated the FLSA such that a 3 year statutory period applies or that liquidated damages would apply. The Parties engaged in numerous settlement negotiations via electronic and telephonic communications. Plaintiff understands that it may be difficult to prove each of the disputed issues and is mindful of the time and expense that will incur with ongoing litigation. On the other hand, Defendants are also aware of the costs and risks associated with moving forward with litigation and trial. In light of these risks, after engaging in discovery and numerous settlement discussions, the case was resolved by counsel for the Parties with the Plaintiff receiving a total of $16,500.00 ($8,250.00 for unpaid overtime/minimum wage compensation, an equal amount of $8,250.00 for liquidated damages), and $10,000.00 (payable to the Plaintiff's counsel) for attorneys' fees and costs incurred in connection with the instant action. The amount set aside for attorneys' fees and costs was negotiated separately and without regard to the amount paid to the Plaintiff and is a downward departure from the actual amount of attorneys' fees and costs incurred in this case to date.

The Parties, through their attorneys, voluntarily agreed to the settlement and terms of their settlement during negotiations. All Parties were advised and

represented by experienced employment law counsel throughout the litigation and settlement process. There is no evidence of fraud or collusion. Furthermore, Plaintiff knowingly, voluntarily, and intelligently entered into this settlement, which was reached only after considerable and extensive discussion, analysis, consideration, and negotiation by Plaintiff, Defendants, and their respective counsel. The settlement negotiated and reached by the Parties reflects a reasonable compromise of the numerous disputed issues and a reasonable means for all Parties to minimize future risks and litigation costs.

### III. Conclusion

The Parties jointly and respectfully request that this Court approve the Settlement Agreement of the Parties, and dismiss the instant action as well as any and all other pending claims between the Parties with prejudice.

Dated:  May 2, 2022                                          Respectfully submitted,

| | |
|---|---|
| */s/ Kimberly De Arcangelis* <br> Kimberly De Arcangelis, Esq. <br> Bar No.:  0025871 <br> MORGAN & MORGAN, P.A. <br> 20 North Orange Avenue, 15th Floor <br> Orlando, Florida 32801 <br> Telephone:  (407) 420-1414 <br> Facsimile:   (407) 245-3383 <br> E-mail: kimd@fortheopeople.com <br> *Attorneys for Plaintiff* | */s/ Nikhil N. Joshi* <br> NIKHIL N. JOSHI, ESQ. <br> Florida Bar Number: 123803 <br> LORRAINE MAASS HULTMAN, ESQ. <br> Florida Bar Number: 250511 <br> Hultman + Joshi P.A. <br> 2055 Wood Street, Suite 208 <br> Sarasota, FL 34237 <br> T: 941.218.2800/Fax: 941.218.2801 <br> lori@hultmanjoshi.com |

|  | nik@hultmanjoshi.com <br> hjassistant@hultmanjoshi.com <br> *Attorneys for Defendants* |
|---|---|