UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELISSA ILLINGWORTH,

    Plaintiff,

v.                                          Case No: 8:21-cv-2294-KKM-JSS

NAV ADVISORS, INC. and MARC KORSCH,

    Defendants.
_____

## ORDER

Melissa Illingworth sued Nav Advisors, Inc., and Marc Korsch for violating the Fair Labor Standards Act. (Doc. 1.) The parties settled and obtained approval for their settlement. (Doc. 20; Doc. 21.) Illingworth now moves for entry of a Default Final Judgment requiring Defendants to pay for defaulting on their settlement agreement. (Doc. 31.)

Ordinarily, federal courts lack jurisdiction to enforce a settlement agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). One exception to this standard rule of jurisdiction permits courts to enforce a settlement agreement where the court incorporates into the order of dismissal the "parties' obligation to comply with the terms of the settlement agreement." *Id.* at 381. Courts can execute such an

incorporation by either expressly retaining jurisdiction or "by incorporating the terms of the settlement agreement." *Id.* This Court did neither when it approved the settlement. (Doc. 21.)

Illingworth asserts that the Court retained jurisdiction to enforce the order "by ordering the parties to distribute the proposed Class Notice in its Opinion and Order (and subsequent Judgment)." (Doc. 31 at 2 n.1.) The Court performed no such act in approving the settlement. (Doc. 21 at 1.) Nor did the Clerk's subsequently issued judgment purport to incorporate the terms of the parties' settlement agreement.

Because the Court did not expressly retain jurisdiction or incorporate any settlement terms into its order, the Court lacks jurisdiction to enforce the parties' settlement agreement. Accordingly, Illingworth's Motion to Enforce the Settlement Agreement is **DENIED**.

**ORDERED** in Tampa, Florida, on July 2, 2022.

Kathryn Kimball Mizelle
United States District Judge